statute. The effect of this decree was to enjoin hypothetical prospective nuisances at other places. By doing so it failed to recognize that the sources of classification as a nuisance might be abated, and thus it exceeded its proper scope.

The plaintiffs suggest that the status quo would better have been preserved by an order prohibiting the police from interfering with their operation pending a disposition at the final hearing. As the City points out, to grant such relief would be tantamount to immunization of the business against the need to observe the law, and would be at least as conclusive of rights as the order which was actually granted. *Cf. Klein's Restaurant Corporation v. McLain* (1937), 293 Ill.App. 54, 11 N.E.2d 644.

The order of the court is affirmed, but the cause is remanded for reformulation of the decree in a manner not inconsistent with this opinion.

Affirmed and remanded.

McNAMARA, P. J., and McGLOON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN W. NARDUCY, Defendant-Appellant.

(No. 59904;

First District (3rd Division)—October 17, 1974.

PER CURIAM.

Edwards, Haney, Singer & Stein, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JEROME ZACHARIA, Defendant-Appellee.

(No. 59938;

First District (3rd Division)—October 17, 1974.